UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CR-257-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **ROBERT BYAM,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se "Motion for the Enforcement and Compelling Former Defense Counsel Full Compliance with Rule 1.16 of the Rules of Professional Conduct," in which Defendant seeks an Order from the Court requiring former defense counsel to turn over Defendant's case file to him so he can file a motion for post-conviction relief. (Doc. No. 42). The Court ordered the Government to respond to Defendant's motion, particularly as regards any agreement between the Government and defense counsel not to turn over discovery materials to Defendant. (Doc. No. 43). The Government responded, indicating that provision of discovery was made pursuant to FED. R. CRIM. P. 16, *Brady*/*Gigolo*, the United States Attorney's Office Expanded Discovery Policy, and this Court's Standard Criminal Discovery Order. (Doc. No. 44).

These and other authorities impose restrictions on the provision of case file material to criminal defendants. The relevant paragraph of the Court's Standard Criminal Discovery Order stipulates that

> The defendant shall not be given copies of any "sensitive materials." "Sensitive materials" are defined as discovery containing HIPPA information, dates of birth, home addresses, Social Security numbers, financial information, and wiretapped phone calls. "Sensitive materials" shall be reviewed with the defendant in the

1

> presence of the defense team and the defense team shall maintain custody and control of such materials. Likewise, the defendant shall not be given copies of *Jencks* material, to include reports of interviews, transcripts of Grand Jury testimony, and recorded or written statements or reports of statements taken by law enforcement officers of potential witnesses. The defendant may, however, have unfettered access to any "sensitive materials" which contain only his personal information, and any other materials which contain only the defendant's own statements.

(3:20-MC-52 ¶ 25). FED. R. CRIM. P. 49.1 further provides for the protection of personal identifiable information in case files, including the partial redaction of social security numbers, dates of birth, minors' names, and addresses. And the Federal bureau of Prisons' Program Statement 1351.05 prohibits inmates from "obtaining and possessing photocopies of their Pre-sentence reports." See Harrison v. Lappin, 510 F. Supp. 2d 153, 156 (D.D.C. 2007). Finally, 18 U.S.C. § 3509(m)(1) provides that "any property or material that constitutes child pornography . . . shall remain in the care, custody, and control of either the Government or the court."

Despite the foregoing restrictions, Rule 1.16(d) of the North Carolina Rules of Professional Conduct provide that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... surrendering papers and property to which the client is entitled." See United States v. Basham, 789 F.3d 358, 388 (4th Cir. 2015) (reviewing legal authority requiring counsel to deliver client's file upon termination of representation); see, e.g., United States v. Champion, 794 F. App'x 289 (4th Cir. 2020) (granting a motion to compel trial counsel to produce defendant's case file so he can pursue § 2255 relief).

To allow defense counsel to comply with Rule 1.16(d), the Court will order the production of the case file by a procedure that complies with the provisions of the Standard Criminal Discovery Order, FED. R. CRIM. P. 49.1, Bureau of Prisons Program Statement 1351.05, and 18 U.S.C. § 3509(m)(1). Specifically, the Court will order defense counsel to redact all

2

personal identifiable and sensitive information in the case file and provide the case file to the warden of the facility at which Defendant is presently housed. Defendant will then be permitted to view his case file in the presence of his Case Manager or another appropriate prison official. This procedure is like that ordered in <u>United States v. Champion</u>, 1:17-cr-00046-MR-WCM, Document 212 (W.D.N.C. 2020).

**IT IS, THEREFORE, ORDERED** that defense counsel shall produce the case file requested by Defendant subject to the above limitations. Specifically, defense counsel is **FURTHER ORERED** to

(1) Redact Byam's case file to remove all personal identifying information and sensitive information as defined in FED. R. CRIM. P. 49.1 and this Court's Standard Criminal Discovery Order;

(2) Transmit Byam's case file to the warden of the facility at which Byam is currently housed

The warden at the facility where Byam is housed is likewise **ORDERED** to permit Byam to view his case file in the presence of his Case Manager or another appropriate prison official.

**IT IS, FURTHER, ORDERED** that under no circumstances may Byam be permitted to take personal custody of his case file.

Max O. Cogburn Jr
United States District Judge